UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **MONIQUE SARGENT,** <br><br> Plaintiff, <br><br> v. <br><br> **NORDX,** <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Monique Sargent, by and through the undersigned counsel, hereby complains against Defendants NorDx as follows:

## INTRODUCTION

1. This case arises under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and the Maine Human Rights Act ("MHRA"), 5 M.R.S. § 4571 *et seq*.

2. This case challenges the Defendant's unlawful disability discrimination against Plaintiff in violation of the ADA and the MHRA.

## THE PARTIES

3. Plaintiff Monique Sargent ("Ms. Sargent") is an individual residing in the City of Biddeford, County of York, and State of Maine.

4. Defendant NorDx is a Maine non-profit corporation duly authorized to do business in the State of Maine, operating human specimen laboratories in various locations, with its principal place of business and main campus located in Scarborough, Maine.

1

5. NorDx has facilities in Biddeford and Kennebunk where Plaintiff primarily worked.

6. NorDx has more than 500 employees.

## JURISDICTION AND VENUE

7. Prior to filing this Complaint, Ms. Sargent filed a charge of discrimination with the MHRC and the EEOC. Plaintiff received a notice of right to sue letter pursuant to 5 M.R.S.A. § 4612, sub-§6 and 4622, sub-§1, ¶C, on or about September 17, 2020.

8. Ms. Sargent received a notice of right to sue letter from the EEOC on or about October 13, 2020.

9. Venue is proper in this Court because all of the discriminatory practices alleged herein occurred in York and Cumberland counties.

10. The Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

## BACKGROUND FACTS

11. In May of 2016, Ms. Sargent began working for NorDx as a Phlebotomist in the Oncology Office located in Biddeford.

12. Ms. Sargent has a substantial disfigurement involving extensive oral and tooth decay.

13. Plaintiff's tooth decay is so severe that she tries to hide her teeth when she speaks and avoids revealing her teeth while smiling.

14. There are several factors that caused Plaintiff's tooth decay. Ms. Sargent has a family history of "soft teeth." In addition, she has asthma and ADHD. The inhaler and her

2

ADHD medication, which she has taken since childhood, exacerbated the tooth decay by causing dry mouth. Tooth decay and bad breath can be caused by dry mouth.

15. In April of 2019, Ms. Sargent met with her supervisor. Her supervisor stated that NorDx wanted to begin cross training so that other phlebotomists were also trained in the oncology office and therefore Ms. Sargent would have to work in a different location.

16. Shortly thereafter, Human Resources informed Ms. Sargent that she was being removed from the oncology office because of the appearance of her teeth. NorDx informed Plaintiff that her teeth did not conform to the image NorDx wanted at the oncology office.

17. Ms. Sargent had a meeting on April 26, 2019 with Cassie Christie of Human Resources. In this meeting, Ms. Christie told Ms. Sargent that her appearance did not fit with the "image South Portland was trying to receive."

18. Human Resources threatened Ms. Sargent that she would be out of work until she had her teeth fixed. This was a goal for Ms. Sargent, but the procedure is expensive. Ms. Sargent needed more time to save money to get her teeth fixed and being out of work would make it impossible for her to get this procedure.

19. NorDx then decided to allow Ms. Sargent to continue working in the Kennebunk office, but required that she wear a mask at all times.

20. In the past, Ms. Sargent wore a mask only as a precaution when feeling ill, which all staff did when they were ill.

21. NorDx never asked Ms. Sargent prior to April 2019 to wear a mask because of her appearance, or because her bad breath offended patients.

22. To the contrary, as NorDx wrote in an evaluation, "Ms. Sargent has a loyal group of patients who look forward to seeing her present for their phlebotomy procedure."

23. On the day of her termination, Ms. Sargent received accolades from a patient named Kevin Wynne Sr. The accolades were written on one of NorDx's "You Rock" notes, which appears as follows:

[You Rock! note dated 5-15-19, Name of Employee: MONIQUE, Department: LAB, From: KEVIN WYNNE SR. "FANTISTIC EXPERT WITH MONIQUE EXECL +++++ DEF. A. PROF'L."]

24. As part of this transition in locations, Human Resources allowed Ms. Sargent to assist the new phlebotomists training at the oncology office when they asked for help. Phlebotomists new to the oncology office did reach out to Ms. Sargent for help on several occasions.

25. Shortly thereafter, NorDx terminated Ms. Sargent for false and pretextual reasons.

26. NorDx falsely accused Ms. Sargent of improperly viewing patient records.

27. The only patient records Ms. Sargent reviewed belonged to patients she was working with directly, or patients of the phlebotomists in the oncology office who had requested her assistance.

28. Ms. Sargent believes the true reason for her termination was due to her medical condition.

29. NorDx discriminated against Ms. Sargent when they discharged her from

4

employment as of May 15, 2019.

30. NorDx unlawfully discriminated against Ms. Sargent with reckless indifference to her state and federally protected rights.

31. NorDx's conduct amounted to a willful and knowing violation of Ms. Sargent's state and federally protected rights.

<b><u>COUNT I – DISABILITY DISCRIMINATION<br>UNDER THE ADA</u></b><br><b>(42 U.S.C. § 12101 <i>et seq</i>.)</b>

32. Plaintiff repeats the allegations contained in Paragraphs 1 through 31 of her Complaint as if fully set forth herein.

33. At all times herein relevant, Ms. Sargent was a qualified individual with a disability within the meaning of the ADA.

34. NorDx engaged in unlawful disability discrimination against Ms. Sargent in violation of the ADA.

35. NorDx's stated reasons for disciplining and/or terminating Ms. Sargent were really pretext for disability discrimination.

36. NorDx regarded Ms. Sargent as being disabled.

37. As a result of NorDx's discriminatory actions, Ms. Sargent has suffered and is entitled to damages, including but not limited to: lost wages and benefits, front pay, compensatory damages including emotional pain and suffering and lost enjoyment of life, attorney's fees, costs and expenses.

WHEREFORE, Plaintiff Monique Sargent requests that the Court award her damages in the form of lost back pay, front pay, compensatory damages, liquidated damages, punitive

damages, attorney's fees, costs and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

### COUNT II – VIOLATION OF THE MHRA
### (5 M.R.S. § 4571 *et seq*.)

38. Plaintiff repeats the allegations contained in Paragraphs 1 through 37 of her Complaint as if fully stated herein.

39. For all of the reasons set forth in Count I above, unlawful disability discrimination has occurred within the meaning of the Maine Human Rights Act.

WHEREFORE, Plaintiff Monique Sargent requests that the Court award her statutory, compensatory, economic, liquidated, and punitive damages, attorney's fees, costs, and expenses, equitable and injunctive relief, and all other relief afforded to her by law.

### JURY TRIAL DEMAND

Plaintiff Monique Sargent hereby demands a jury trial on all matters so triable under the laws and Constitution of the United States and the State of Maine.

Respectfully submitted,

Dated:   December 15, 2020						/s/ *Laura H. White*

_____
Laura H. White, Bar No. 4025
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
lwhite@whiteandquinlan.com


/s/ *Danielle Quinlan*

_____
Danielle Quinlan, Bar No. 5480
*Attorney for Plaintiff*
WHITE & QUINLAN, LLC
62 Portland Rd., Suite 21
Kennebunk, ME 04043
(207) 502-7484
dquinlan@whiteandquinlan.com