UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MONIQUE SARGENT, | ) |
| Plaintiff | ) ) ) |
| v. | ) 2:20-cv-00467-JAW |
| NORDX, | ) ) ) |
| Defendant | ) ) |

### ORDER ON PLAINTIFF'S MOTION
### FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff seeks leave to amend her complaint to add claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., for interference and retaliation against Defendant, her former employer.  (Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 37.)

Following review of the record and after consideration of the parties' arguments, the Court denies Plaintiff's motion.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her original complaint on December 15, 2020, alleging disability discrimination by Defendant.  (Complaint, ECF No. 1.)  The Court's Scheduling Order established July 9, 2021, as the deadline for amendment of the pleadings and joinder of parties and September 10, 2021, as the deadline to complete discovery.  (Scheduling Order at 2, ECF No. 6.)  Upon the parties' request, the Court granted two 60-day extensions of the discovery deadline.  The second extension established January 10, 2022, as the

discovery deadline. (Order Granting Joint Motion to Amend Scheduling Order, ECF No. 12.)

Plaintiff asserts that during her deposition by Defendant on December 13, 2021, her counsel first became aware of facts which suggested that Plaintiff could have a claim against Defendant under FMLA. (Plaintiff's Motion for Leave to File an Amended Complaint at 3-4, ECF No. 37.) Plaintiff previously qualified for FMLA leave to attend to the serious medical needs of one of her children in 2019. (Second Declaration of Katherine I. Rand, Exhibit B at PageId #: 171-72, ECF No. 39.) *See Sargent v. MaineHealth*, No. 2:22-cv-00006-JAW (*Sargent II*), 2022 WL 2132272, at *3 (D. Me. June 14, 2022).

Following Plaintiff's deposition, Plaintiff's counsel notified Defendant's counsel that she intended to seek to amend her complaint. (Plaintiff's Motion for Leave to File an Amended Complaint at 5.) On January 6, 2022, Plaintiff moved to extend the discovery and post-discovery deadlines. (Plaintiff's Motion to Amend Scheduling Order, ECF No. 14.) On that same date, Plaintiff filed a separate class action lawsuit, *Sargent v. MaineHealth*, 2:22-cv-00006-JAW (*Sargent II*), alleging, in part, claims under FMLA. Among her claims in *Sargent II*, Plaintiff asserted that MaineHealth[1] was aware of Plaintiff's need for intermittent leave under FMLA but did not provide her with notice of her rights and responsibilities under FMLA and did not approve her requests for leave.

---

[1] Defendant NorDx is a subsidiary of MaineHealth. *Sargent v. MaineHealth*, No. 2:22-cv-00006-JAW, 2022 WL 2132272, at *2 (D. Me. June 14, 2022).

(*Sargent II*, Complaint ¶¶ 31, 131, ECF No. 1.)  Plaintiff alleged claims for FMLA interference and retaliation.  (*Sargent II*, Complaint ¶¶ 121-44.)

Defendant opposed Plaintiff's motion to amend the scheduling order and requested a stay until the Court ruled on MaineHealth's anticipated motion to dismiss in *Sargent II*.  (Response in Opposition.)  On January 13, 2022, the Court deferred ruling on Plaintiff's motion and granted Defendant's motion to stay.  (Amended Order, ECF No. 21.)

On June 14, 2022, the Court granted MaineHealth's motion to dismiss *Sargent II*.  The Court dismissed Plaintiff's complaint without prejudice, determining that Plaintiff improperly split her claims in filing *Sargent II*.  2022 WL 2132272, at *10-15.  On June 17, 2022, the Court ordered the parties to file a status report with a proposal for the further disposition of the present case, including whether the Court should act on the pending motion to amend the scheduling order.  (Order, ECF No. 26.)  After a telephonic conference with counsel, the Court dismissed as moot the motion to amend the scheduling order and set a deadline for Plaintiff to file the present motion.  (Procedural Order, ECF No. 35; Order Mooting Motion to Amend Scheduling Order, ECF No. 36.)

## LEGAL STANDARD

"A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed."  *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 11-12 (1st Cir. 2004).  Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints.  However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the

complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. For a motion to amend filed beyond the deadline, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). In *Micelli v. Jetblue Airways Corp.*, 914 F.3d 73 (1st Cir. 2019), the First Circuit explained,

> [t]he good cause standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant. In the decisional calculus, the moving party's diligence serves as the dominant criterion. The longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. Nor should a court be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on information that she had or should have had from the outset of the case.

914 F.3d at 86. (internal citations and quotation marks omitted).

## DISCUSSION

The parties' arguments focus on when Plaintiff had enough information to know she might have a FMLA claim. Plaintiff contends she and her counsel lacked the requisite information before her deposition in December 2021 in part because Defendant failed to produce in discovery pertinent information related to Plaintiff's prior leave and the FMLA information provided to her. Plaintiff argues the fact that Plaintiff only recently obtained the information constitutes good cause for the amendment. Plaintiff also generally cites

the history of the case, which included a lengthy stay of the proceedings, and pandemic-related work interruptions as cause for the timing of the motion to amend.[2]

As part of its opposition to the motion, Defendant filed an October 9, 2018, letter to Plaintiff from Unum Group (Unum), the third-party administrator of MaineHealth's leave program,[3] which letter (1) informed Plaintiff she was eligible for intermittent leave under FMLA for her child's serious health condition beginning on October 5, 2018, (2) requested that Plaintiff provide certification supporting her leave requests, and (3) notified her of her rights and responsibilities under FMLA.[4] (Rand Decl. ¶ 5 & Exhibit C at PageID #: 173-76, ECF No. 39-3.) MaineHealth was copied on this letter. (Rand Decl, Exhibit C at PageID #: 175.) Defendant also submitted several other letters from Unum regarding Plaintiff's ongoing intermittent leave. (*Id*. at PageID #: 176-86.)

The letters evidently were not included among the documents Defendant produced in response to Plaintiff's requests for her personnel file, nor were they produced in the proceeding before the Maine Human Rights Commission. Plaintiff contends Defendant was obligated to produce the documents in response to Plaintiff's discovery requests, which included a request for Plaintiff's personnel file.

---

[2] The parties disagree as to whether the time the matter was stayed should be considered when assessing Plaintiff's delay in filing the motion to amend. The stay was entered to allow Defendant to challenge Plaintiff's claim in *Sargent II*. Because the matter was stayed, the Court will not consider the time between December 2021, when Plaintiff expressed her intention to assert an FMLA claim, and the filing of the motion as part of Plaintiff's alleged delay in asserting the motion.

[3] As MaineHealth's leave administrator, Unum is also Defendant's leave administrator. (*See* Rand Decl. ¶ 2.)

[4] Federal regulations require employers to provide such notice of rights and responsibilities under FMLA. *See* 29 C.F.R. § 825.300(b)(1).

Defendant maintains that the information Plaintiff cites was always known to Plaintiff as she was the recipient of the information in real time. Defendant further argues that it produced Plaintiff's complete personnel file, that, contrary to Plaintiff's contention, Defendant was not required to maintain the communications from Unum in Plaintiff's personnel file, and that Defendant was not required to obtain documents from Unum that might be responsive to Plaintiff's discovery requests. Finally, Defendant notes that two documents in Plaintiff's personnel file, which Defendant produced during the administrative process before Plaintiff commenced this action and again as part of discovery in this action, reflect that Plaintiff was aware of her FMLA rights. The documents consist of a corrective action form dated March 13, 2019, which lists the six dates Plaintiff had what are termed "unscheduled absences" and suggest she might want to seek FMLA leave if appropriate, (Rand Decl., Exhibit B at PageId #: 169-70), and an April 11, 2019, email from a Unum employee to a NorDx or MaineHealth employee, providing a breakdown of Plaintiff's approved FMLA intermittent leave absences from March 15, 2019 to April 16, 2019. (*Id*. at PageId #: 171-72.)

Because she (1) received information from Unum in 2018 regarding information necessary to process a FMLA claim, (2) was granted FMLA leave in 2019, because Defendant provided her with her personnel file in 2019, which file included documents referencing her prior leave and the fact that she might qualify for FMLA leave if she or a family member had a serious health condition, and (3) was aware of Defendant's conduct prior to the termination of her employment, Plaintiff cannot reasonably argue that she was unaware before she commenced this action of her FMLA rights, how to request an FMLA

6

leave, or that the absences that led to her dismissal might be protected under FMLA.[5] Consistent with this view, in *Sargent II*, this Court concluded, "based on the *Sargent II* Complaint, [Plaintiff] was … fully aware of all facts necessary to bring an FMLA claim prior to the depositions in December 2021…." 2022 WL 2132272, at *12. The fact that Plaintiff's counsel might not have been aware of all the pertinent facts does not control. *See, e.g., Delk v. UPS-Atlanta-Hub*, No. 1:18-CV-5635-MHC-CCB, 2021 WL 2517786, at *4 (N.D. Ga. Mar. 5, 2021) (quoting *Classic Harvest LLC v. Freshworks*, LLC, No. 1:150cv-2988-WSD, 2017 WL 5026697, at *5 (N.D. Ga. Nov. 3, 2017) (the fact that party's counsel "recently learned these facts does not support that [the party] acted diligently.")).

As explained above, a party's diligence in asserting the motion is the "dominant criterion" when assessing whether the party has satisfied the good cause standard and "a court [should not] be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on information that she had or should have had from the outset of the case." *Micelli*, 914 F.3d at 86. In other words, "[f]actual allegations that were within the plaintiff's knowledge at the time the action was initiated cannot serve to meet the 'good cause' standard*." C&M Prop. Mgmt. LLC v. Moark LLC*, No. 2:15-cv-00336-GZS, 2016 WL 7480271, at *3 (D. Me. Dec. 29, 2016) (citing *Gardner*, 2014 WL 916397, at *1). The

---

[5] Whether Defendant should have produced documents maintained by Unum in response to Plaintiff's request for her personnel file is largely immaterial to the assessment of Plaintiff's motion to amend. Because resolution of the issue is not necessary to decide Plaintiff's motion to amend, the Court makes no determination whether, as Plaintiff contends, the rules governing discovery required Defendant to obtain any documents maintained by Unum in response to Plaintiff's discovery requests.

record establishes that Plaintiff was aware of the information necessary to file an FMLA claim at the time she initiated this action. Plaintiff thus has not satisfied the good cause standard necessary for the amendment.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion for leave to file an amended complaint.

## **NOTICE**

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of October, 2022.