UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| MONIQUE SARGENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00467-JAW |
| | ) | |
| | ) | |
| NORDX, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REJECTING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND GRANTING MOTION FOR LEAVE TO AMEND

A magistrate judge issued an order denying a plaintiff's motion to amend her complaint. Because the Court concludes that the magistrate judge's order is "dispositive of a claim," it recharacterizes the decision as a recommended decision rather than an order and applies de novo review. Applying this higher standard of review, the Court concludes that the plaintiff has shown "good cause" for filing her motion to amend her complaint five months after the deadline, rejects the magistrate judge's recommended decision, and grants the motion to amend complaint.

## I.   BACKGROUND

The parties are well acquainted with the procedural history of this case (*Sargent I*) and the related case filed by Monique Sargent against defendant NorDx's parent company but since dismissed (*Sargent II*).[1]  As relevant to this Order, Ms.

---

[1]   *See Sargent v. Mainehealth*, No. 2:22-cv-00006-JAW, 2022 U.S. Dist. LEXIS 105621 (D. Me. June 14, 2022).

Sargent brought this action on December 15, 2020, alleging disability discrimination by NorDx, her former employer. *See Compl.* (ECF No. 1). The Court's Scheduling Order established July 9, 2021 as the deadline for amendment of the pleadings and January 10, 2022 as the discovery deadline. *See Scheduling Order with Incorporated Rule 26(f) Order* at 2 (ECF No. 6); *Order Granting Joint Mot. to Amend Scheduling Order* (ECF No. 12).

Ms. Sargent asserts that during her deposition by NorDx on December 13, 2021, her counsel first became aware of facts suggesting she could have a claim against NorDx under the Family and Medical Leave Act (FMLA). *Pl.'s Mot. for Leave to File an Am. Compl.* (ECF No. 37) (*Pl.'s Mot.*). Shortly after the deposition, she informed NorDx's counsel that she intended to amend her complaint to add FMLA claims. *Id.* at 5. On January 6, 2022, Ms. Sargent moved to extend the discovery and post-discovery deadlines, but not the deadline for amendment of pleadings, *Pl.'s Mot. to Amend Scheduling Order* (ECF No. 14), and filed *Sargent II*, alleging, inter alia, claims under the FMLA. On January 13, 2022, a United States Magistrate Judge issued an order deferring ruling on the motion to amend the scheduling order and staying *Sargent I* while *Sargent II* proceeded. *Am. Order* (ECF No. 21). On June 14, 2022, the Court granted MaineHealth's motion to dismiss *Sargent II* without prejudice, ruling that Ms. Sargent had improperly split her claims in filing the second action. 2022 U.S. Dist. LEXIS 105621, at \*47-48.

On July 20, 2022, the Plaintiff filed her motion to amend the complaint to allege a FMLA claim. *Pl.'s Mot.* Attach. 1, *First Am. Compl.*, Counts III-VI. On

August 10, 2022, NorDx filed a response to Ms. Sargent's motion to amend. *Def.'s Opp'n to Pl.'s Mot. to Amend the Compl.* (ECF No. 38) (*Def.'s Opp'n*).  That same day, NorDx filed a declaration by its counsel, summarizing records it had produced to Ms. Sargent and adding that it had obtained "[i]n early 2022" from its third-party records administrator Ms. Sargent's 300-plus-page "FMLA file." *Second Decl. of Katharine Rand* at 2 (ECF No. 39) (*Rand Decl.*).  On September 6, 2022, Ms. Sargent filed her reply.  *Pl.'s Reply Mem. in Supp. of Mot. for Leave to File an Am. Compl.* (ECF No. 44) (*Pl.'s Reply*).

On October 12, 2022, the Magistrate Judge issued a recommended decision[2] denying Ms. Sargent's motion for leave to file an amended complaint. *Order on Pl.'s Mot. for Leave to File Am. Compl.* (ECF No. 50) (*Recommended Decision*).  On October 26, 2022, Ms. Sargent objected to the Magistrate Judge's recommended decision. *Pl.'s Objection to Magistrate's Order Denying Mot. for Leave to Amend* (ECF No. 51) (*Pl.'s Objection*).  On November 9, 2022, NorDx filed its response to Ms. Sargent's objection. *Def.'s Resp. to Pl.'s Objection to Magistrate's Order* (ECF No. 52) (*Def.'s Resp.*).

## II.   THE MAGISTRATE JUDGE'S DECISION AND THE PARTIES' RESPONSES

### A.   The Magistrate Judge's Decision

Applying Rule 16(b)'s "good cause" standard for assessing motions for leave to amend filed after a scheduling order's deadline, the Magistrate Judge found that Ms. Sargent had not demonstrated good cause for the late filing and denied her motion.

---

[2]     The Magistrate Judge's decision was labeled an order but, as the Court will explain, is properly characterized as a recommended decision and therefore refers to the order as a recommended decision in this order.

The Magistrate Judge explained that because Ms. Sargent received information necessary to process a FMLA claim in 2018 and 2019 from Unum Group (Unum), NorDx's third-party leave administrator, was granted FMLA leave in 2019, was given relevant documents at the time, and was aware of NorDx's conduct prior to the termination of her employment, she "cannot reasonably argue that she was unaware before she commenced this action of her FMLA rights, how to request an FMLA leave, or that the absences that led to her dismissal might be protected under FMLA." *Recommended Decision* at 6-7. Therefore, as this Court concluded in *Sargent II*, Ms. Sargent was "fully aware of all facts necessary to bring an FMLA claim prior to the depositions in December 2021." *Id.* at 7 (citing 2022 U.S. Dist. LEXIS 105621, at *34).

Noting that a party's diligence is the dominant criterion for assessing good cause, the Magistrate Judge quoted caselaw stating that "[f]actual allegations that were within the plaintiff's knowledge at the time the action was initiated cannot serve to meet the 'good cause' standard," *id.* at 7 (quoting *C&M Prop. Mgmt. LLC v. Moark LLC,* No. 2:15-cv-00336-GZS, 2016 WL 7480271, at *3 (D. Me. Dec. 29, 2016)), and ruled that because Ms. Sargent was aware of the information necessary to file an FMLA claim at the time she initiated her action, she had not satisfied the good cause standard for a five-month delay.[3] *Id.* at 8. Finally, the Magistrate Judge did not

---

[3]     The Court's Scheduling Order established July 9, 2021 as the deadline for amendment of the pleadings, and Ms. Sargent filed her Motion for Leave to Amend on July 20, 2022. However, because the case was stayed while *Sargent II* proceeded and Ms. Sargent indicated her intent to amend in December 2021, the Magistrate Judge counted only the time between July and December 2021 (approximately five months) toward her delay in asserting the motion. *Id.* at 5 n.2. The Court applies the same accounting, finding Ms. Sargent missed the filing deadline by roughly five months from July to December, 2021.

resolve whether NorDx should have produced disputed documents relating to Ms. Sargent's claims (including the 300-page "FMLA file"), finding that the issue was "largely immaterial" because Ms. Sargent already possessed enough information to make out a claim. *Id.* at 7 n.5.

### B.    Ms. Sargent's Objection

Ms. Sargent advances two arguments in her objection.   First, despite the Magistrate Judge's framing of his decision as an order on a non-dispositive matter, Ms. Sargent contends that the order effectively disposed of her claim and should be reviewed by this Court under a de novo standard. *Pl.'s Objection* at 1-3.  Second, Ms. Sargent argues that she has demonstrated good cause, because "[t]here is no question that [Ms.] Sargent now has in her possession 'new evidence' that was not made available to her counsel before August 10, 2022," *id.* at 7-8, and the history of this case "reveals a massive failure on NorDx's part to produce information required by Rule 26, not a lack of due diligence by Plaintiff." *Id.* at 7.

Ms. Sargent's objection plunges into the weeds of the parties' discovery disputes regarding specific documents, but the thrust of her contention is that even if as an individual she had lay knowledge of enough facts to make out a FMLA claim, NorDx rebuffed her counsel's diligent efforts to obtain additional and supporting documentation through discovery. *Id.* at 4-7.  Ms. Sargent contends further that, had NorDx not improperly withheld this documentation (including the 300-page FMLA file), she would have brought her FMLA claims before the deadline. *Id.* at 7-11.  She concludes that "[b]ecause NorDx failed to provide critical evidence in this case that

5

would support [her] FMLA claim until August 10, 2022, any argument that Plaintiff's Motion for Leave to Amend should be denied due to lack of diligence should have been flatly rejected." *Id.* at 11.

### C.   NorDx's Response

NorDx opposes both Ms. Sargent's procedural and substantive objections. First, it argues that a motion to amend is not a dispositive matter, the Magistrate Judge appropriately resolved it in an order (rather than a recommended decision), and the applicable standard of review is clear error. *Def.'s Resp.* at 4-5.

Second, it agrees with the Magistrate Judge and disputes Ms. Sargent's contention that she has demonstrated good cause. *Id.* at 5. NorDx submits that because Ms. Sargent's FMLA file was maintained by Unum, its third-party administrator, NorDx was not obligated to produce the file and Ms. Sargent's inability to obtain that information was attributable not to NorDx's impropriety but to her own attorney's lack of diligence. *Id.* at 6-8. NorDx also contends that Ms. Sargent's FMLA allegations "concern facts that have been known to Plaintiff from the outset of this litigation and that are reflected nowhere in the Unum FMLA file." *Id.* at 8. It notes that it previously produced several letters from Unum to Ms. Sargent and thus, in combination with her own knowledge, she already had enough information to plead any claims that might be supported by the FMLA file. *Id.* at 8-9. Finally, it submits that Ms. Sargent's "request for leave to amend, if granted, would render the existing case unrecognizable, . . . [and t]he additional costs, delay,

and fundamental change to Plaintiff's claims and NorDx's defenses, at this late stage of the case, are prejudicial to NorDx." *Id.* at 10.

## III.   DISCUSSION

### A.   The Standard for Review

Federal Rule of Civil Procedure 72 sets out two separate standards of review to be employed by a district judge in reviewing a magistrate judge's determinations. *See PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010); FED. R. CIV. P. 72(a-b). When a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). Absent a timely appeal, the order stands. *Id.* When, however, a magistrate judge passes upon a dispositive motion, the magistrate judge issues a recommended decision, and if there is a timely objection, the district judge must engage in de novo review. FED. R. CIV. P. 72(b). Finally, when a magistrate judge decides a question of law in a Rule 72(a) non-dispositive motion, "there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard [for non-dispositive motions] and review under Rule 72(b)'s de novo standard [for dispositive motions.]" *Powershare,* 597 F.3d at 15.

The Court's first task is to determine which standard to apply. The Magistrate Judge did not specify whether he was issuing his decision under Rule 72(a) or (b), but because he titled it as an order, the Court surmises that he viewed the motion as non-dispositive and acted under Rule 72(a). The parties agree that the Magistrate Judge considered the order a Rule 72(a) order. *See Pl.'s Objection* at 2; *Def.'s Resp.* at 5.

7

NorDx contends that the Court should review the order under Rule 72(a)'s "clearly erroneous" standard. *Def.'s Resp.* at 5. Ms. Sargent, however, counters that the Court should still engage in a de novo review either because the magistrate judge's decision adjudicated a dispositive motion subject to Rule 72(b) or because it decided a question of law under Rule 72(a). *Pl.'s Objection* at 1-3. The Court agrees with Ms. Sargent's first point, finding that de novo review is appropriate because the order effectively disposed of her FMLA claims.

"A motion to amend is not normally dispositive, and it is not listed as an exception from the 'clearly erroneous or contrary to law' standard, as other dispositive motions are." *Emissive Energy Corp. v. NovaTac, Inc.*, No. 09-13 S, 2010 U.S. Dist. LEXIS 88544, at *4 (D.R.I. July 28, 2010). Rule 72, however, "broadly defines nondispositive matters as matters that are 'not dispositive of a party's claim or defense' . . . [t]hus, de novo review may be appropriate where denial of [a party's] motion is 'dispositive' of [the party's claim or defense]." *Id.* at *5 (quoting FED. R. CIV. P. 72(a)).

In *NovaTac*, even though the magistrate judge characterized the motion as non-dispositive (and thus subject to Rule 72(a)'s "clear error" standard), the *NovaTac* Court held that "[b]ecause Rule 72 supports that a Magistrate's Order ending a 'claim or defense' requires de novo review, the Court will apply de novo review and consider the underlying facts and circumstances to determine whether NovaTac has met its burden." *Id.* at 6; *see also Summer Infant (USA), Inc. v. Tomy Int'l, Inc.*, No. 1:17-cv-549-MSM-PAS, 2020 U.S. Dist. LEXIS 137461, at *2 (D.R.I. Aug. 3, 2020) ("Denial of

leave to amend would foreclose litigation of the claim and therefore *de novo* review is appropriate"); *Quick Fitting, Inc. v. Wai Feng Trading Co.*, C.A. No. 13-56S, 2015 U.S. Dist. LEXIS 132890, at *2, n.1 (D.R.I. March 12, 2015) ("This motion was referred to me for determination; under ordinary circumstances, a motion to amend a complaint is nondispositive.  When, as here, the motion's effect is potentially dispositive of a claim or defense, it should be dealt with by report and recommended decision"); *Caranci v. Blue Cross & Blue Shield*, 194 F.R.D. 27, 31 n.1 (D.R.I. 2000) ("[A]lthough the motion to amend was treated as [nondispositive], it can be argued that the appropriate standard of review for the Magistrate Judge's order is de novo. . .. Several courts, including this Court, have held that . . . a matter not listed [as dispositive] may nonetheless require de novo review, if its effect is dispositive on a claim or defense of a party"); *Allendale Mut. Ins. Co. v. Rutherford*, 178 F.R.D. 1, 2 (D. Me. 1998) ("de novo review of Defendant's motion to amend her answer to include an affirmative defense . . . is appropriate because the matter is dispositive of a defense").

The cases NorDx supplied are distinguishable.  They largely state that "[u]nder ordinary circumstances" or "[a]s a general matter," a motion to amend is not dispositive of a claim or defense.  *See Pagano v. Frank*, 983 F.2d 343, 345 (1st Cir. 1993); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp. 2d 778, 783 (E.D. N.C. 2011); *see also Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F. Supp. 583, 586 (D. Me. 1984) and *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (motions to amend to add an additional party). What emerges is a general rule that motions to amend are not dispositive except when

denying a motion to amend would "end[] a claim or defense . . . [it] requires de novo review." *NovaTac*, 2010 U.S. Dist. LEXIS 88544, at *6.

Here, the Magistrate Judge's decision, if upheld, would effectively "end" Ms. Sargent's FMLA claims. The Court already ruled in *Sargent II* that she may not plead those claims in a separate action and thus her only option is to pursue them through a motion to amend in *Sargent I*. Because the Magistrate Judge's decision would extinguish her FMLA claim, the Court reviews it as a recommended decision and applies a de novo standard of review.

## B.   The Motion for Leave to Amend

The Court turns to the substantive issue: whether Ms. Sargent has shown "good cause" that would justify granting her motion for leave to amend, filed five months after the expiration of the deadline. The Court concludes that she has done so and grants the motion. "A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 11-12 (1st Cir. 2004). Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. FED. R. CIV. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

The standard is elevated when, as here, the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. For a motion to amend filed beyond the deadline, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.*, 156 F. Supp. 2d 27, 34 (D. Me. 2001); FED. R. CIV. P. 16(b)(4). In *Miceli v. Jetblue Airways Corp.*, 914 F.3d 73 (1st Cir. 2019), the First Circuit explained:

> [t]he good cause standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant. In the decisional calculus, the moving party's diligence serves as the dominant criterion. The longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. Nor should a court be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on information that she had or should have had from the outset of the case.

*Id.* at 86. (internal citations and quotation marks omitted). Applying this standard, the Court weighs Ms. Sargent's diligence and justification for her delay against any potential prejudice to NorDx.

### 1.    New Evidence and Monique Sargent's Diligence

The moving party's diligence is the "dominant criterion" in this analysis. *Id.* The ability to offer new evidence, thereby justifying the prior decision not to include the disputed claims, is a key component of diligence. *See id.* (a court should not "be expected to look kindly upon a plaintiff who seeks belatedly to amend her complaint based on information that [she] had or should have had from the outset of the case") (citation and internal quotation marks omitted). The Magistrate Judge correctly observed that "[f]actual allegations that were within the plaintiff's knowledge at the

11

time the action was initiated cannot serve to meet the 'good cause' standard." *Recommended Decision* at 7-8 (quoting *C&M Prop. Mgmt.*, 2016 WL 7480271, at *3).

In *Miceli* and *C&M Property*, however, the plaintiffs failed to meet this standard because they could show no new, relevant evidence sufficient to justify their delay. *See Miceli*, 914 F.3d 73 at 86-87 (there was "nothing revelatory" in plaintiff's purported "discovery" and thus she "failed to show that new evidence justified the substantial delay in bringing her belated FMLA claim. That delay, in turn, len[t] weight to . . . conclusions that the appellant was not diligent in attempting to pursue her FMLA claim and, therefore, lacked 'good cause.'"); *C&M Prop.*, 2016 WL 7480271, at *3 (the evidence cited by the plaintiff "revealed nothing new that was relevant to [its] ability to bring the claim in a timely fashion").

The *C&M Property* Court was careful to distinguish cases where the movant offered new and relevant evidence justifying amendment. *See* 2016 WL 7480271, at *3 (collecting cases); *see also Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1333 (Fed. Cir. 2012) (the court assumed that essential new evidence was discovered in the deposition at issue); *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 706-07 (D. Md. 2011) (the court expressly found that new evidence was included in discovery produced shortly before the motion for leave to amend was filed, and noted that additional discovery on the new claims was available); *Ciena Corp. v. Nortel Networks Inc.*, 233 F.R.D. 493, 496 (E.D. Tex. 2006) (the court specifically noted that it was "not allowing Nortel to amend based on [information that Nortel had prior to the deadline to amend] but rather on additional information Nortel

acquired after the June 14 deadline"). Thus, as a threshold matter, while information within the plaintiff's knowledge at the time the action was initiated cannot alone justify a tardy motion to amend, newly discovered evidence may form the foundation of good cause.

To set the stage, the Court sets forth the relevant chronology:

1) December 15, 2020: Complaint filed in 2:20-cv-00467-JAW;

2) July 9, 2021: Scheduling Order deadline for amendment of pleading;

3) December 13, 2021: NorDx deposition of Monique Sargent;

4) December 13, 2021: Attorney White informed Attorney Rand that she intended to file a motion to amend complaint to include a FMLA claim;[4]

5) January 6, 2022: FMLA class action filed against NorDx under 2:22-cv-00006-JAW;

6) January 10, 2022: discovery deadline in 2:22-cv-00467-JAW;

7) January 13, 2022: Order granting stay of 2:20-cv-00467-JAW while a motion to dismiss 2:22-cv-00006-JAW is resolved;

8) June 14, 2022: Order dismissing Ms. Sargent's 2:22-cv-00006-JAW Complaint;

9) July 14, 2022: Procedural Order, maintaining stay in 2:20-cv-00467-JAW, except requiring Sargent to file motion to amend complaint in 2:20-cv-00467-JAW by July 20, 2022;

---

[4]     This fact is not in dispute.  On January 11, 2022, Attorney Rand filed a sworn declaration, which reads in part:

> 6. At Plaintiff's deposition on December 13, 2021, Attorney White told me that she also intended to move to amend the complaint to add a claim or claims under the Family Medical Leave Act (FMLA).  I reiterated that NorDx would oppose amendment. We agreed, on the record, that Plaintiff's deposition that day and Ms. Bachand's deposition the following day would remain open in the event Plaintiff was permitted to amend her complaint to add additional claims.

*Decl. of Katharine I. Rand* ¶ 6 (ECF No. 17).

13

10) July 20, 2022: Motion to Amend Complaint to assert FMLA claims; and

11) August 10, 2022: NorDx turns over the FMLA file to Plaintiff.

In applying a de novo review standard to this unusual situation, although counsel have concentrated on whether Nordx was justified in its efforts to stymie Ms. Sargent's discovery requests, the Court views that discovery dispute as tangential to whether Ms. Sargent should be allowed to amend her Complaint.

The relevant period is between July 9, 2021 and December 13, 2021. If Ms. Sargent's counsel, Attorneys Laura White and Danielle Quinlan, had filed an amended complaint containing FMLA violation allegations up to July 9, 2021, the Court would have allowed the pleading under the Rule 15(a)(2) standard since the Rule directs courts to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). So the issue narrows to the period after July 9, 2021.

Next, the Court concludes, as did the Magistrate Judge, that the relevant period ends on December 13, 2021, when Attorney White informed Attorney Rand that she intended to assert an FMLA claim. *Recommended Decision* at 5, n.2 ("Because the matter was stayed, the Court will not consider the time between December 2021, when Plaintiff expressed her intention to assert an FMLA claim, and the filing of the motion as part of Plaintiff's alleged delay in asserting the motion").

Within this temporal window, the only relevance to the ongoing discovery dispute is that presumably had NorDx produced the FMLA documents during this interval, which it did not, the Plaintiff would have a more difficult time asserting that

14

she was unaware of the potential FMLA claims.[5]  The Court is dubious that NorDx's failure or refusal to turn over these documents earlier affected the Plaintiff's ability to file FMLA-based claims, because Ms. Sargent filed a new lawsuit on January 6, 2022 based on FMLA allegations and because she filed a motion to amend this Complaint on July 20, 2022, both before August 10, 2022, when she received the FMLA documents from NorDx.  Nevertheless, if during the authorized discovery period, new information were discovered that justified a new claim or a new defense, so long as the information was in fact new, a court would normally find good cause for an amended pleading.

Granted, because an attorney typically has free and unfettered access to her own client, it is unusual for an attorney to learn new and critical information justifying the assertion of new claims during her own client's deposition.   Though rare, it appears that this is what happened in this case.  Attorneys White and Quinlan assert without contradiction[6] that they learned information during Ms. Sargent's

---

[5]     The parties have not supplied, and the Court has not reviewed, the 300-page FMLA file, but based on the parties' memoranda, the Court assumes that the FMLA file would have corroborated the potential validity of Ms. Sargent's FMLA claims.  Based on this assumption, if NorDx had turned over the FMLA documents before July 9, 2021, Ms. Sargent would have been able to move to amend her Complaint to assert the FMLA claims before the expiration of the pleading amendment deadline and the Court would have "freely give[n]" her the right to do so under Federal Rule of Civil Procedure 15(a)(2).  If NorDx had turned over the FMLA documents between July 9, 2021 and December 13, 2021, Ms. Sargent would have been able to move to amend her Complaint earlier and her good cause argument would have been stronger because the interval from July 9, 2021 would have been less.  The Court views the fact that Attorneys White and Quinlan had been pursuing FMLA documents in discovery that had not been turned over as a factor in favor of the motion to amend because it reflects their diligence, a factor under the good cause analysis.  *See Miceli*, 914 F.3d at 86 (in "the decisional calculus" for determining good cause, "the moving party's diligence or lack of diligence serves as the 'dominant criterion.'").  The Court mentions this issue to anticipate questions about the role of the outstanding discovery request for the FMLA file and its impact on the Court's decision.  Ultimately, as noted elsewhere, the discovery dispute is not dispositive of the motion.

[6]     On this point, the parties have not placed Ms. Sargent's deposition before the Court and the Court cannot evaluate the attorneys' assertions.  It is not necessary to do so.  The Court accepts the representations of counsel, especially since NorDx's counsel confirmed that Attorney White told her at

deposition that allowed them to realize she had a viable FMLA claim, and Attorney Rand agrees that Attorney White told Attorney Rand at the time of the deposition that she intended to file a FMLA claim against NorDx.

The issue narrows further to the procedural posture of this motion to amend. It is not uncommon for parties to agree to extend both a discovery deadline and the deadline for amendment of pleadings so that the deadlines coincide. But here, for whatever reason, the parties moved to extend only the discovery deadline and left in place the deadline for amendment of the pleadings. If discovery is ongoing, there is always the possibility that the parties will discover something during the remaining discovery period that justifies an amendment to the pleadings. The impact of the staggered deadlines is to place an extra onus on the moving party to demonstrate good cause to amend the pleadings after the pleading amendment deadline.

Here, although the situation is unusual, NorDx's deposition of Ms. Sargent brought to light information that Ms. Sargent's attorney had been unaware of and that justified the pursuit of a new claim against NorDx. In this rare situation, the Court concludes that Ms. Sargent has "show[n] that new evidence justified the . . . delay in bringing her belated FMLA claim," an indication that she was "diligent in attempting to pursue her FMLA claim" that would support finding "good cause" for amending her Complaint. *Miceli,* 914 F.3d at 86-87.

---

the Sargent deposition that she intended to bring a FMLA claim. In *Sargent v. MaineHealth*, 2:22-cv-0006-JAW, the Plaintiff filed excerpts of the Sargent deposition and they confirm that during the deposition, Attorney Rand placed on the record that "the plaintiff is filing a motion to amend their complaint to add some claims." *Pl.'s Opp'n to Def.'s Mot. for J. on the Pleadings*, Attach. 1, *Dep. of Monique Sargent*, 100:22-101:1 (ECF No. 10).

The counterargument is that the information Attorney White learned during the Sargent deposition was not new and that she either knew it or should have known it all along.  It is true that this Court found in *Sargent II* that Ms. Sargent was "fully aware of all facts necessary to bring an FMLA claim prior to the depositions in December 2021." 2022 U.S. Dist. LEXIS 105621, at *34.  While that finding was fatal to her claim-splitting argument, the Court noted specifically that "good cause" cannot justify claim splitting the way it can justify a belated amendment.  *Id*. at 46.  It added that "[a]lthough Ms. Sargent incorporate[d] arguments on the 'good cause' standard for a motion to amend, such a motion is not before the Court. Ms. Sargent is free to file a motion for leave to amend her complaint in *Sargent I*, but the Court does not speak to the success of such a motion at this time." *Id*. at 48 n.9.  Therefore, the Court does not consider its statement in *Sargent II* to foreclose a finding of good cause here.

Three factors convince the Court that Ms. Sargent has demonstrated sufficient diligence to support a finding of good cause for amending the Complaint after the July 9, 2021 pleading amendment deadline.  First, even if Ms. Sargent herself knew the facts underlying the FLMA claims, before Attorneys White and Quinlan could move to amend the Complaint to assert FLMA violations, Attorneys White and Quinlan had to satisfy themselves that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b)(3).  In the Court's view, the Plaintiff's attorneys can hardly be faulted for wanting to see the FMLA file before filing an FMLA claim, and equally their decision to file suit before

17

receipt of the FMLA file, having heard their client testify in detail under oath at a deposition to the facts surrounding the FMLA submissions, would also be justifiable. Second, to the extent the contents of the FMLA documents would have satisfied Attorney White and Quinlan's professional obligations, they were not available from July 2021 to December 2021 due to a discovery dispute. Third, the record compels the conclusion that something happened at the Sargent deposition on December 13, 2021 that convinced Attorney White that Ms. Sargent had a viable FMLA claim.

These factors, taken together, in the Court's view, support finding good cause for allowing Ms. Sargent to amend her Complaint to assert her FMLA claims.

### 2. Potential Prejudice to NorDx

The final factor in the good cause analysis is the potential prejudice to NorDx from allowing Ms. Sargent to amend. *See Miceli*, 914 F.3d at 86 ("[t]he good cause standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant"). Prejudice is given less weight than diligence. *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) (good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent"). NorDx contends that Ms. Sargent's "request for leave to amend, if granted, would render the existing case unrecognizable, . . . [and t]he additional costs, delay, and fundamental change to Plaintiff's claims and NorDx's defenses, at this late stage of the case, are prejudicial to NorDx." *Def.s Resp.* at 10.

The Court concludes that whatever prejudice NorDx would potentially suffer is outweighed by the good cause favoring amendment. When assessing potential prejudice, courts often look to the stage of litigation and the length of the delay. *See Steir*, 383 F.3d at 12 ("[p]articularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy") (citation omitted); *Gray v. United States*, No. 2:10-cv-467-DBH, 2011 U.S. Dist. LEXIS 127998, at *18 (D. Me. Oct. 31, 2011), *aff'd* (D. Me. Nov. 18, 2011) (plaintiff sought, "subsequent to the close not only of the deadline for amending pleadings but also of both the discovery and dispositive motion deadlines, to allege bases for [claim] that seemingly could have been alleged when her complaint was filed").

Here, as the Court has stated, the case is in a unique procedural posture. Following the stay for the Court to consider *Sargent II*, the Magistrate Judge did not count any time since December 2021 against the clock for Ms. Sargent's motion. Assuming that the case is effectively "paused" at that moment, the Court considers the following factors: (1) the motion was effectively filed five months after the deadline for amendment; (2) Ms. Sargent notified NorDx on December 13, 2021 that she intended to seek to amend her complaint to add the FMLA claims; (3) discovery was set to extend for roughly another month, until January 10, 2022; and (4) at this point the parties have not held a Rule 56(h) Conference, filed dispositive motions, or set a trial date. *Recommended Decision* at 1-2. The Magistrate Judge has also

19

deferred judgment on Ms. Sargent's January 6, 2022 motion to amend the scheduling order to extend the discovery deadline.  *See Am. Order* (ECF No. 21); *Pl.'s Mot. to Amend Scheduling Order* (ECF No. 14).  The Court is aware that nearly a year of real time has passed since this procedural pause was imposed but finds, taking into account the totality of the circumstances, that it is not already so late that this motion is of the type "particularly disfavored," *Steir*, 383 F.3d at 12, and that any potential prejudice is outweighed by the good cause for permitting the amendment.  *See Somascan*, 714 F.3d at 64 (good cause analysis "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent").

In conclusion, this is a close call, but the Court errs on the side of letting the FMLA claims stand or fail on their merits, rather than resolving them on procedural grounds.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court concludes that, in light of Ms. Sargent's diligence in pursuing the FMLA claims, the new evidence potentially supporting them, and the lack of undue prejudice to NorDx, Ms. Sargent has met Rule 16(b)'s "good cause" standard for amendment.

## IV.   CONCLUSION

The Court reviewed and considered the Magistrate Judge's decision, together with the entire record.  The Court concludes that because the decision is "dispositive of a claim" it should properly be characterized as a Recommended Decision under

Federal Rule of Civil Procedure 72(b) rather than an order under Federal Rule of Civil Procedure 72(a). The Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court REJECTS the Recommended Decision and GRANTS Monique Sargent's Motion for Leave to File an Amended Complaint (ECF No. 37). The Plaintiff must file her Amended Complaint within seven days of the date of this Order and the Defendant must file its Answer to its Amended Complaint within seven days of the date the Amended Complaint is filed.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2022